UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO.: 26-mj-58 (NEB/DTS) |
| Plaintiff, | |
| v. | **MOTION TO DISMISS FOR OUTRAGEOUS GOVERNMENT MISCONDUCT AND FOR AN EVIDENTIARY HEARING** |
| GILLIAN ETHERINGTON, | |
| Defendant. | |

Gillian Etherington moves this Court to dismiss the information because the Government engaged in outrageous conduct in violation of the Due Process clause of the Fifth Amendment. The defense of outrageous government conduct focuses on the Government's actions. *See United States v. Cannon,* 88 F.3d 1495, 1506 (8th Cir.1996). Outrageous government conduct occurs "[w]here the government essentially generates a new crime for the purpose of prosecuting it or induces a defendant to become involved for the first time in certain criminal activity, as opposed to merely interposing itself in an ongoing criminal enterprise. *United States v. Mosley*, 965 F.2d 906, 911 (10th Cir. 1992) (citing cases); *see also United States v. Boone,* 437 F.3d 829, 842 (8th Cir. 2006); *United States v. Pardue,* 983 F.2d 835, 841 (8th Cir.1993); *United States v. Huff,* 959 F.2d 731, 734 (8th Cir.1992); *United States v. Mazzella,* 768 F.2d 235, 238 (8th Cir.1985).

When a defendant raises "specific facts that are sufficient to raise a significant doubt about the propriety of the government's actions," this Court should hold an evidentiary hearing to develop the facts relevant to the defendant's defense of outrageous government

1

misconduct.  *See United States v. Valona*, 834 F.2d 1334, 1340 (7th Cir. 1987) (cited in

*United States v. Kelley*, 152 F.3d 881, 885 (8th Cir. 1998).

Ms. Etherington has recited the facts in previous motions (ECF Nos. 25-26) and submitted four defense exhibits at the motion hearing and adopts those facts here.

On January 7, 2026, Ms. Etherington was doing nothing wrong by following Border Patrol Agents.  The BPAs did not like that she was following them.  The criminal complaint suggests she was driving erratically, if that is true, the BPAs could have contacted local law enforcement.  The BPAs decided not to do that.  Instead, they improperly attempted a traffic stop they were not legally authorized to conduct.  As a result, the BPAs generated conduct from Ms. Etherington that would not have occurred but for the BPAs illegal traffic stop.  The Government's conduct in relation to Ms. Etherington was outrageous and violative of her Due Process rights.

Dated: March 20, 2026.                                    Respectfully submitted,

                                                          *s / Aaron J. Morrison*
                                                          AARON J. MORRISON
                                                          Attorney No. 0341241
                                                          Attorney for Ms.  Etherington
                                                          107 U.S. Courthouse
                                                          300 South Fourth Street
                                                          Minneapolis, MN  55415