UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 26-mj-58 (NEB/DTS)

UNITED STATES OF AMERICA,

　　　　　Plaintiff,

　　v.

GILLIAN ETHERINGTON,

　　　　　Defendant.

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR OUTRAGEOUS GOVERNMENT CONDUCT AND FOR EVIDENTIARY HEARING.**

The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and John R. Arboleda, Special Assistant United States Attorney, hereby submits its response in opposition to Defendant's Motion to Dismiss for Outrageous Government conduct (ECF No. 36). The Government opposes this motion for the reasons set forth below.

Etherington moves to dismiss the information, alleging the Government engaged in outrageous conduct in violation of the Fifth Amendment's Due Process Clause (ECF. No. 36). The Government objects to Etherington's motion for the reasons set forth below.

Dismissal of a criminal case based on alleged outrageous government conduct is an extraordinary remedy that applies only in the rarest of circumstances. *See United States v. Combs,* 827 F.3d 790, 794 (8th Cir. 2016)

(citing *United States v. Russell,* 411 U.S. 423, 432 (1973) and *United States v. King,* 351 F.3d 859, 867 (8th Cir. 2003)).  The Eighth Circuit has emphasized that this doctrine is "reserved for conduct that falls within the narrow band of the most intolerable government conduct."  *King,* 351 F.3d at 867.  Dismissal is appropriate only where law enforcement conduct violates "that fundamental fairness, shocking to the universal sense of justice, mandated by the Due Process Clause."  *Combs,* 827 F.3d at 794 (citing *Russell,* 411 U.S. at 432).

This is an intentionally demanding standard.  The Eighth Circuit has explained that although the doctrine theoretically exists, the level of misconduct required to justify dismissal is "quite high," and the government's conduct must truly "shock the conscience of the court."  *King,* 351 F.3d at 867; see also *Combs,* 827 F.3d at 795 ("We are aware of only two reported court of appeals decisions—both from the 1970s—that have deemed the government's conduct so outrageous as to violate due process."); *United States v. Bugh,* 701 F.3d 888, 894 (8th Cir. 2012) (noting that dismissal is warranted only when government conduct falls within the "*narrow* band of the *most intolerable* government conduct") (emphasis added).

The outrageous conduct doctrine focuses on the nature of the government's investigative conduct.  *United States v. Hunt,* 171 F.3d 1192, 1195 (8th Cir. 1999).  The Eight Circuit has rejected attempts to characterize standard investigative techniques as outrageous government conduct,

2

recognizing that aggressive investigative tactics do not become unconstitutional merely because they provide an opportunity to commit a crime. *See Bugh,* 701 F.3d at 894 (finding that use of confidential informants is a permissible law enforcement technique); *Combs,* 827 F.3d at 795 (concluding that infiltration of criminal enterprises and participation in planned criminal activity are recognized investigative methods that generally do not violate due process).

Because dismissal is such a drastic remedy, the defendant bears a heavy burden. *King,* 351 F.3d at 867. The doctrine applies only to the most egregious and intolerable forms of government misconduct, not to routine investigative decisions or tactical judgments made during criminal investigations. As the Eighth Circuit has summarized, the government's conduct must be more than aggressive, persistent, or even questionable, it must be conduct that violates fundamental fairness and shocks the conscience before dismissal is warranted. *Bugh,* 701 F.3d at 894; King, 351 F.3d at 867; *Combs,* 827 F.3d at 795.

Courts find government conduct sufficiently outrageous only in rare instances. *Combs,* 827 F.3d at 795. It is not enough for the government to create the conditions necessary for a crime to occur. For the government's role in an offense to shock the conscience, the government must reach a demonstrable level of outrageousness. *Id.* citing *United States v Twigg,* 588 F.2d 373, 380 (3d Cir. 1978). In *Combs,* an ATF agent presented a target of

3

opportunity, hired the crew to commit the robbery and produced a getaway car for use in commission of the robbery. *Combs,* 827 F.3d at 793-795. The court in *Combs* cited *Greene v. United States,* saying that government conduct may shock the conscious when it involves "itself so directly and continuously *over such a long period of time* in the creation and maintenance of criminal operations, and yet [seeks to] prosecute its collaborators". (emphasis added) *Id.* citing *Greene v United States,* 454 F.2d 783, 787 (9th Cir. 1971).

However, the court reasoned that even in this situation where an agent participates in the planning of a crime, and provides resources for the crime, it does not exceed the level of permissible law enforcement tradition. *Combs*, 827 F.3d at 795. Accordingly, the court found that the ATF's operation was not so shocking to the universal sense of justice that they violated the fundamental fairness required by the Due Process Clause. *Id.* at 795, 796.

Furthermore, as seen in *Hunt*, even when the government supplies material support which is essential to the commission of a crime, it may still prosecute the defendant for the commission of that crime. *Hunt*, 171 F.3d 1192 at 1195. There, the government provided 2,088 grams of ephedrine, a chemical necessary to produce methamphetamine, as a part of an undercover operation to prosecute the defendant for the production of methamphetamine. *Id.* The court reasoned that law enforcement may go "a long way in concert with the individual in question without being deemed to have acted so outrageously as

4

to violate due process". *Id.* citing *United States v Kummer,* 15 F.3d 1455, 1460 (8th Cir. 1994). Accordingly, the court ruled that the government's conduct was not sufficiently outrageous to shock the conscience. *Id.*

These cases illustrate that government conduct must be truly shocking to violate a defendant's Due Process rights. It is not enough that the government plays a role in the commission of an offense or even creates the conditions necessary to commit it. The court finds that the government manufactures an offense when it engages in direct and continuous involvement in the criminal enterprise, not simply standard investigative procedures or simply aggressive, persistent, or questionable behavior.

In this case, Etherington fails to raise specific facts that rise to a prima facie outrageous government conduct claim. In this case, Etherington is arguing that but for Border Patrol Agents conducting an "illegal traffic" stop, Etherington would not have acted in a manner violating the law. (See ECF No. 36 at 2). In essence, Etherington claims that stopping a vehicle for erratic and dangerous driving is outrageous government conduct. This does not even begin to meet the "high standard" required to show outrageous government conduct. *See United States v. Hunt*, 171 F.3d 1192 (8th Cir. 1999). Even assuming *arguendo* that what Etherington claims about the agents conduct and intentions were true, the Governments conduct would still not be "sufficient to shock the conscious" as understood by the 8th Circuit in *Hunt*, 171 F.3d 1192

5

(8th Cir. 1999) or the Supreme Court in *Rochin,* 342 U.S. 165, 72 S. Ct. 205 (1952). In sum, this case simply does not contain the rare "conscience shocking" government conduct the Eighth Circuit has found intolerable. Even if agents may have engaged in tactics that are unusual, this does not rise to outrageous government conduct. Here, the government played no role in any criminal enterprise nor did it have any direct or continuous involvement in Etherington's alleged crime. Dismissal of case based on alleged outrageous government conduct is an extraordinary remedy that applies only in the rarest of circumstances. This is not one of those extremely rare cases. As such, because Etherington fails to allege a prima facia case of outrageous government conduct, the Government asks the Court to deny Etherington's motion and request for an evidentiary hearing.

## CONCLUSION.

Based on the foregoing, the United States respectfully requests that the Court deny Etherington's Motion.

Dated: March 27, 2026

Respectfully Submitted,

DANIEL N. ROSEN
United States Attorney

*s/John R. Arboleda*

BY: John R. Arboleda
Special Assistant U.S. Attorney

7